UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>C. SCHUYLER, et al.,<br><br>    Defendants. | Case No. 23-cv-03864-JSC<br><br>**ORDER OF SERVICE; DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 3, 5 |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff sues three officials at Salinas Valley State Prison ("SVSP") and two doctors at a nearby hospital (Natividad Hospital) where he received medical care. (ECF No. 1 at 1-2.) He has also moved for a temporary restraining order ("TRO") and for appointment of counsel. (ECF Nos. 3, 5.) Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the claims against Defendant C. Schuyler and Dr. Bright, are dismissed, and service is ordered on Defendants Dr. Singh at SVSP and Dr. Bergen and Dr. Patberg at Natividad Hospital based upon the claims that are capable of being judicially heard and decided. The motions for a TRO and appointment of counsel are DENIED without prejudice.

**BACKGROUND**

Plaintiff alleges he suffers from an infection, abscess, and disc injury in his back, which is very painful. (ECF No. 1 at 2.) He alleges on June 29, 2023, Defendant Dr. Singh sent him to the hospital for a biopsy and intravenous antibiotics. (*Id.* at 3.) He was receiving pain medication that he liked until July 6, 2023, when Defendant Dr. Bergen changed to a different pain medication that Plaintiff did not like. (*Id.*) He returned to the prison and, on July 14, 2023, Dr. Singh sent

him back to the hospital for "stronger pain medication," which Dr. Patberg refused to do. (*Id.* at 2-3.) He returned to SVSP again and received morphine for three days until Dr. Singh discontinued it. (ECF No. 1 at 2-3.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

When liberally construed, Plaintiff's allegations that Dr. Singh, Dr. Bergen and Dr Patberg changed his pain medication and denied his request to change it back, when liberally construed,

state claims that are capable of judicial determination against Defendants Dr. Singh, Dr. Bergen, and Dr. Patberg for violating his rights under the Eighth Amendment.

Plaintiff also names as Defendants C. Schuyler, the SVSP Warden, and Dr. Bright, the SVSP Chief Medical Officer ("CMO"). The only allegations against these two Defendants are their job titles; Plaintiff does not allege any conduct by them or any involvement in the alleged violation of his rights. The facts that Schuyler was in charge of the prison and Bright was in charge of the SVSP medical department are not, on their own, sufficient to make these Defendants legally liable for their subordinates' alleged violation of Plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondent superior liability under Section 1983). Accordingly, the complaint does not state claims that are capable of judicial determination against Defendants Schuyler and Bright.

Plaintiff has also moved for a TRO. Plaintiff has not indicated that he has provided notice of his motion for a TRO to Defendants, and a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). Plaintiff has not certified in writing his efforts, if any, to notify Defendants of the TRO or the reasons notice should not be required. For this reason, the motion for a TRO must be denied. This denial is without prejudice to Plaintiff filing a renewed motion for a TRO provided he complies with the requirements of Rule 65(b).

Plaintiff has also filed a motion for appointment of a lawyer to represent him in this civil rights case. There is no right to counsel in a civil case such as this. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff asserts he has does not have law library access while he is in medical housing at SVSP. (ECF No. 5.) This does

not constitute exceptional circumstances insofar as he has not asserted that he has been unable to present or litigate his claims. At least at this stage, the issues in this case are not sufficiently complex, moreover, that the interests of justice necessitate referral for location of pro bono counsel to assist Plaintiff. Plaintiff's motion for appointment of counsel is therefore denied. Should referral for location of pro bono counsel become necessary at a later time, the Court will issue a referral order on its own; Plaintiff need and shall not request appointment of counsel in this Court again.

## CONCLUSION

For the foregoing reasons,

1.  The claims against Defendants Warden C. Schuyler and Chief Medical Officer Dr. Bright are DISMISSED. The claims against Defendants Dr. Singh, Dr. Bergen, and Dr. Patberg remain. The motions for a temporary restraining order and for appointment of counsel are DENIED without prejudice.

2.  Defendant Dr. Singh shall be served at Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Amended Complaint (ECF No. 18), this Order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a

4

1  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
2  of this Order, the summons, and the operative complaint for service upon each Defendant who has
3  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
4  Service Waiver.

5      3.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this order on **Dr. Kathryn Bergen and Dr. Jonathan Patberg** at **Natividad Hospital** in **Salinas, California**.

      4.      Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

      5.      To expedite the resolution of this case:

      a.  No later than **October 1, 2023**, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

      c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **October 29, 2023**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

      d.  Defendants shall file a reply brief no later than **November 13, 2023**.

      e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

8. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order resolves docket numbers 3 and 5.

**IT IS SO ORDERED.**

Dated: August 8, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.