UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>C. SCHUYLER, et al.,<br><br>    Defendants. | Case No. 23-cv-03864-JSC<br><br>**ORDER OF SERVICE ON NEW DEFENDANTS; DISMISSING DEFENDANT DR. PATBERG; GRANTING EXTENSION OF TIME; SCHEDULING DISPOSITIVE MOTIONS**<br><br>Re: Dkt. No. 14 |

## INTRODUCTION

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983.  The claims against Defendants C. Schuyler and Dr. Bright were dismissed, and service was ordered on Defendants Dr. Singh at Salinas Valley State Prison and Dr. Bergen and Dr. Patberg at Natividad Hospital based upon claims in the original complaint that are capable of being judicially heard and decided.  (ECF No. 8.)  Plaintiff thereafter requested leave to amend his complaint, which was granted, and he has filed an amended complaint.  (ECF Nos. 10, 11, 15.)  The amended complaint, which completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), adds two new Defendants, Dr. Kalinjian and Dr. Doherty, whom Plaintiff claims failed to adequately treat and diagnose his back pain; the amended complaint still includes Dr. Singh and Dr. Bergen, but not Dr. Patberg, as defendants.  (ECF No. 15 at 2.)

For the reasons discussed below, the amended complaint is ordered served upon Dr. Kalinjian and Dr. Doherty, and the claims against Dr. Patberg are DISMISSED.  Defendant Singh's motion to extend the time to file a dispositive motion (ECF No. 14) is GRANTED, and a new briefing schedule for dispositive motions based upon the amended complaint (ECF No. 15) is

set forth below.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

When liberally construed, Plaintiff's allegations that Dr. Kalinjian and Dr. Doherty failed to provide adequate treatment for his back pain in the fall of 2022 and 2023 (ECF No. 15 at 7-9), state a claim that is capable of judicial determination for deliberate indifference to a serious medical need, in violation of his rights under the Eighth Amendment. When liberally construed, the amended complaint also continues to state Eighth Amendment claims that are capable of judicial determination against Dr. Singh and Dr. Bergen for deliberate indifference to Plaintiff's

serious medical needs. As the amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), and does not include Dr. Patberg as a defendant, the claims against Dr. Patberg will be dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The claims against Defendant Dr. Patberg are DISIMISSED.

2. Defendant Dr. Sevaq Kalinjian shall be served at California State Prison – Lancaster.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Amended Complaint (ECF No. 15), this Order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint with attachments, and a copy of this

order on **Dr. Doherty** at **Natividad Hospital** in **Salinas, California**.

4. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

5. To expedite the resolution of this case:

a. No later than **January 4, 2024**, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **February 1, 2024**. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d. Defendants shall file a reply brief no later than **February 15, 2024**.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This order resolves docket number 14.

**IT IS SO ORDERED.**

Dated: October 5, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.