UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>C. SCHUYLER, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-03864-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXTENSION OF TIME AND PRODUCTION OF DOCUMENTS; DIRECTING DEFENDANTS TO SERVE ADDITIONAL COPY OF SUMMARY JUDGMENT PAPERS; DENYING REQUEST FOR ENTRY OF JUDGMENT**<br><br>Re: Dkt. No. 61, 62 |

Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights case under 42 U.S.C. § 1983. Now before the Court is Plaintiff's motion for an extension of time and for production of documents (ECF No. 61), and Defendant Bergen's "request" for an entry of judgment (ECF No. 62).

1. Extension of Time

Good cause appearing, Plaintiff's motion for an extension of time to file an opposition to the motion for summary judgment of Defendants Dr. Kalinjian and Dr. Singh is granted. Plaintiff indicates that due to his moves to and from the prison and hospital, he is no longer able to locate the motion among his legal papers. To expedite the resolution of this case, Defendants Singh and Kalinjian are ordered to serve Plaintiff another copy of the motion and exhibits on or before **November 7, 2024.** The opposition is due on or before **December 5, 2024**. The reply brief is due on or before **December 21, 2024**.

With this extension of time, Plaintiff will have approximately eight months to prepare an opposition since the motion was originally served upon him on April 4, 2024. The Court also notes that despite his medical issues, Plaintiff has been able to file the instant detailed motion

along with a seven-page declaration and exhibits. (ECF No. 61.)   Furthermore, it is Plaintiff's responsibility to keep track of his legal papers.  Therefore, no further extensions of time will be granted, nor additional copies of documents ordered served upon Plaintiff, absent extraordinary circumstances.

2.  Production of Documents

Plaintiff also moves for an order directing the California State Prison – Lancaster ("CSP – Lancaster") and the Warden of his current prison, Donovon Correctional Facility ("DCF"), to provide him with medical records.  CSP-Lancaster and the DCF Warden are not parties to this lawsuit, and therefore the Court cannot compel them to produce documents under Rule 37 of the Federal Rules of Civil Procedure.  As for obtaining copies of his medical records, Plaintiff was advised previously and is advised again:

> Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their *medical* and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

(ECF No. 8 at 6:7-12 (emphasis added)).  Therefore, Plaintiff's motion for nonparties to produce documents is DENIED.

3.  Dr. Bergen's Request for Entry of Judgment

Dr. Bergen requests a separate judgment be entered in her favor at this time under Rule 58 of the Federal Rules of Civil Procedure.  (ECF No. 62.)  The Court recently granted the separate summary judgment motions of Defendants Bergen and Doherty.  (ECF No. 60.)  The claims against Defendants Singh and Kalinjian are still pending, as is their joint motion for summary judgment, which is not yet fully briefed.

Rule 58(b)(1) of the Federal Rules of Civil Procedure provides:

> (b) ENTERING JUDGMENT.
>     (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:
>         (A) the jury returns a general verdict;

2

>> (B) the court awards only costs or a sum certain; or
>> (C) the court denies all relief.

Fed. R. Civ. P. 58(b)(1). Rule 54(b) provides:

> (b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES.
> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this Rule, the order granting Bergen's summary judgment motion did "not end the action" as to Bergen, and the Court did not "expressly determine[] there is no just reason for delay." (*Id.*) Bergen does not justify entering judgment for her at this time. The claims against Bergen are substantially related to the still-pending claims against Singh and Kalinjian. Waiting until all of the claims against all of the parties are resolved before entering judgment is not only favored by Rule 54(b), doing so avoids the waste of judicial resources from Plaintiff having piecemeal appeals about related issues in a single case.

Bergen's request for entry of a separate judgment at this time is therefore DENIED. A separate judgment will be entered under Rule 58(b) when all of the claims against all of the parties are resolved.

4.   Conclusion

As described above, the motion for an extension of time and for production of documents is GRANTED IN PART AND DENIED IN PART.

This order resolves docket numbers 61 and 62.

**IT IS SO ORDERED.**

Dated: October 29, 2024

JACQUELINE SCOTT CORLEY
United States District Judge